IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEONA LANGE, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| *v.* | § | |
| | § | CIVIL ACTION NO. _____ |
| COLORADO COUNTY APPRAISAL | § | |
| DISTRICT, | § | |
| | § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### INTRODUCTION

1.      Ms. Leona Lange (age 77) was an employee of defendant for over 20 years when she was discriminated against and then terminated from her job.  The month before she was fired, plaintiff was told by her supervisor that she would be fired the next month because "I think you are getting too old," or words to that effect.  Plaintiff was then fired the next month, in February 2017.  Plaintiff's federal cause of action arises under the Age Discrimination in Employment Act (29 U.S.C. §621, *et seq.*). Defendant's conduct also violated the Texas statute known as Chapter 21 of the Texas Labor Code.  Plaintiff seeks prospective injunctive relief of reinstatement to her former position, as well as back pay, compensatory damages, liquidated damages, front pay (if reinstatement is not deemed feasible), costs of court, pre- and post-judgment interest, and an award of attorney fees and expenses.

1

**JURISDICTION AND VENUE**

2.     This Court has jurisdiction over Plaintiff's claims pursuant to, *inter alia*, 28 U.S.C. §1331. Under 28 U.S.C. §1367, this Court has supplemental jurisdiction over plaintiff's claim arising under Chapter 21 of the Texas Labor Code.

3.     The events out of which this suit arises occurred in Colorado County, Texas, and venue is proper in this Court pursuant to 28 U.S.C. §1391.

**PARTIES**

4.     Plaintiff Leona Lange is an individual Texas resident who was employed by Defendant, Colorado County Appraisal District ("CCAD").

5.     Defendant Colorado County Appraisal District ("CCAD") is governmental entity (political subdivision) of the state of Texas and located in Colorado County, Texas, where plaintiff worked for defendant.

**FACTS**

6.     *Protected Status/Qualifications/Adverse Employment Action*: Before being fired in February 2017, Plaintiff Lange was an employee of defendant for approximately twenty years.  Plaintiff, at the time of her termination, was 76 years old.  Plaintiff was qualified for her job and been performing it, or similar jobs, for over twenty years. Plaintiff suffered an adverse employment action when she was terminated from her job on or about February 17, 2017.

7.     *Causation (I)*: In January of 2017, the Chief Appraiser of CCAD (who was plaintiff's supervisor) told plaintiff "I think you are getting too old" and "I want younger people in here," or words to that effect.  This supervisor also told plaintiff that she would

be terminated because "older people do not think as clearly," or words to that effect. Plaintiff was also told by the Chief Appraiser that she could work through February and then she would be terminated. That was precisely what defendant did on or about February 17, 2017: fire plaintiff.

8. *Causation (II):* If further proof were needed of the cause of defendant's illegal treatment of plaintiff (and/or the *prima facie* elements of plaintiff's claims): Plaintiff was terminated from her job when others who were younger than plaintiff (77) were not terminated. As such, other younger employees were treated more favorably than plaintiff. In addition, plaintiff was subjected to worse treatment than younger employees in terms of her pay and the animus she was treated with before her termination. Plaintiff received less raises than younger employees, such as the other (but younger) similarly situated deputies and clerks. Upon information and belief, plaintiff's job duties also were given to a younger employee. Furthermore, plaintiff was never told that her job was in jeopardy until the statements made about plaintiff's age.

### FIRST CAUSE OF ACTION: A.D.E.A.

9. Defendant's discriminatory treatment of plaintiff, including but not limited to her termination, violated, *inter alia,* 29 U.S.C. §623. Defendant discriminated against plaintiff and/or terminated plaintiff's employment because of plaintiff's age. Plaintiff has exhausted her administrative remedies on this claim, having obtained notice of right to sue from the Equal Employment Opportunity Commission, on or about July 25, 2017 (mailed date).

10.     As a result of defendant's illegal acts, plaintiff has suffered damages under both Texas and federal law.

### SECOND CAUSE OF ACTION: CHAPTER 21, TEXAS LABOR CODE

11.     Defendant's discriminatory treatment of plaintiff, including but not limited to her termination, violated Chapter 21 of the Texas Labor Code, including but not limited to TEX. LAB. CODE §21.051.   Defendant discriminated against plaintiff and/or terminated plaintiff's employment because of plaintiff's age.

### JURY TRIAL & OTHER ISSUES

12.     Plaintiff requests and demands a trial by jury.

13.     Although plaintiff pleads that she was discriminated against because of her age, in the event that defendant attempts to claim that it would have taken the same action in the absence of impermissible discrimination, plaintiff seeks declaratory relief, injunctive relief, and an award of attorney's fees and costs, as permitted under applicable law and in particular under TEX. LAB. CODE §21.125.

### PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, plaintiff respectfully requests that defendant be cited to appear and answer herein, and upon hearing, that the Court award plaintiff the following relief:

A.     Enter a permanent injunction requiring defendant to reinstate plaintiff to her former position with all benefits and emoluments of her position that she would have received if defendant's discrimination had not occurred and prohibiting any future acts of retaliation, discrimination, or harassment, and also making plaintiff whole, as if

defendant's illegal acts of discrimination had not occurred.

B.     Order defendant to pay plaintiff back pay as a result of defendant's discrimination.

C.     Order defendant to pay plaintiff compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and/or other nonpecuniary losses as a result of defendant's discrimination, as well as liquidated damages under the Age Discrimination in Employment Act and federal law.

D.     Order defendant to pay plaintiff's reasonable attorney fees and costs;

E.     Order defendant to pay pre-judgment interest on all amounts for which pre-judgment interest is legally allowable, at the highest lawful rate;

F.     Order defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against defendant; and

G.     Order such other relief, whether legal or equitable, to which plaintiff is entitled.

*Respectfully submitted*,

DEATS DURST & OWEN, P.L.L.C.

*/s/ Philip Durst*
Philip Durst (Attorney-in-charge)
State Bar No. 06287850
Southern District ID # 1510
*pdurst@ddollaw.com*
Matt Bachop

5

State Bar No. 24055127
*mbachop@ddollaw.com*
707 W. 34th St.
Austin, Texas 78705
(512) 474-6200
(512) 474-7896 (Fax)
Counsel for Plaintiff

6